IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KENNETH ALLEN WESTFALL,

    Plaintiff,

v.                                     CIVIL ACTION NO.: 5:18-CV-57
                                       (STAMP)

NANCY BERRYHILL,
Acting Commissioner of
Social Security,

    Defendant.

# REPORT AND RECOMMENDATION

**I.**    **Introduction**

This case arises from the denial of Plaintiff, Kenneth Westfall's ("Plaintiff") application for Disability Insurance Benefits ("DIB") pursuant to Title II and Supplemental Security Income ("SSI") pursuant to Title XVI of the Social Security Act. After Plaintiff's application proceeded through the administrative process, a United States Administrative Law Judge, Sabrina M. Tilley ("ALJ"), concluded that Plaintiff was not disabled within the meaning of the Social Security Act. Plaintiff's request for review by Appeals Counsel was denied, making the ALJ's decision, the final decision of Defendant, Nancy A. Berryhill ("Commissioner"), acting Commissioner of Social Security. Plaintiff seeks judicial review of the Commissioner's decision.

The undersigned has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented and has determined that the decisional process would not be significantly aided by oral argument. Accordingly, the recommendations of the undersigned are set forth below.

**II.     Factual/Procedural History**

On June 17, 2014, Plaintiff filed applications for DIB and SSI, which applications alleged a disability beginning August 25, 2013.  R. 232-39, 240-57, 258-59.  Plaintiff's claims were denied initially on October 3, 2014 and upon reconsideration on January 21, 2015.  R. 144-48, 149-53; 159-65, 166-72.  On February 19, 2015, Plaintiff timely filed a written request for hearing. R. 175-77.

An administrative video hearing was held on February 8, 2017, during which Plaintiff and his representative appeared in Parkersburg, WV.  The ALJ presided from Charleston, WV.  R. 65-87.  During the hearing, the ALJ addressed Plaintiff's January 25, 2017 subpoena request, advising that it was "rather nonspecific," and further that there was "sufficient time to provide more precise dates of treatment as well as documentation of efforts made in the court order."  R. 69.  Off-record discussions vis-à-vis the subpoena were referenced.  R. 69.  Plaintiff testified, as did Vocational Expert ("VE") Nancy Shapero.  R. 65-87.  On or about February 14, 2017, Plaintiff, by and through his non-attorney representative, Shannan Hinzman, sent to the ALJ a revised request for subpoena.  R. 332.

On March 28, 2017, the ALJ entered a decision finding Plaintiff had not been under a disability at any time since his alleged onset date of August 25, 2013.  R. 36-55.  In the decision, the ALJ noted Plaintiff's first request for subpoena (dated January 25, 2017) and summarily denied the same as being deficient.  The ALJ did not address Plaintiff's revised subpoena request of February 14, 2017.  R. 39; R. 36-55.

On April 20, 2018, Plaintiff timely filed his Complaint, objecting to the final decision of the Commissioner and seeking remand and reversal of the ALJ's adverse decision.  ECF No. 1.  Defendant filed an Answer on June 28, 2018.  ECF No. 6.  A copy of the Social Security

Administrative Record was filed contemporaneously with Defendant's Answer. ECF No. 7. On September 4, 2018, Plaintiff filed his Motion for Summary Judgment and Memorandum in Support. ECF No. 13. Defendant filed a Motion for Summary Judgment and Memorandum in Support on September 11, 2018. ECF No. 15.

Plaintiff maintains that the following medical conditions render him disabled pursuant to the Social Security Act: bilateral carpal tunnel syndrome, chest pains, lower back and hand pain, restless leg syndrome, torn ligaments and cartilage in the left knee, migraines, anxiety and depression. ECF No. 13-1 at 2.

### III. ALJ Decision

#### A. The Five-Step Evaluation Process

In determining whether Plaintiff is disabled, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. The first step in the process is to determine whether a claimant is currently engaged in substantial gainful activity. § 404.1520(b). If the claimant is not engaging in substantial gainful activity, then the second step requires the ALJ to determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that are severe. § 404.1520(c). If the claimant has a severe impairment or combination of impairments, then the analysis moves to the third step in the sequence, which requires the ALJ to determine whether the claimant's impairments or combination of impairments meets or equals any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). § 404.1520(d). If impairment meets or equals a listed impairment, the claimant is disabled. *Id.* However, if the impairment does not meet or equal a listed impairment, the ALJ must determine the claimant's residual functional capacity (hereinafter "RFC"), which is the claimant's ability to do physical and mental work activities on

a sustained basis despite the limitations of his impairments. § 404.1520(e). After determining the claimant's RFC, the ALJ must determine, at step four, whether the claimant has the RFC to perform the requirements of his past relevant work. § 404.1520(f). If the claimant does not have the RFC to do his past relevant work, then he has established a *prima facie* case of disability, and the burden shifts to the Commissioner to demonstrate, at the final step in the process, that other work exists in significant numbers in the national economy that the claimant can do, given the claimant's age, education, and work experiences. § 404.1520(g); *see also McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983).

### B. ALJ Findings

Initially, the ALJ noted Plaintiff's request via letter dated January 25, 2017 for a subpoena to Westbrook Health Services for mental health records from December 1, 2015 through the "present"[1]. In her decision, the ALJ advised that "a subpoena is extraordinary relief and not an excuse for a fishing expedition." R. 39. The ALJ refused to issue the subpoena, finding that the representative did not provide the requisite evidence to justify issuance of a subpoena, namely: actual dates of treatment, what the records are purported to prove, that the information is not contained in any other evidence in the record, evidence of due diligence, an explanation of why reasonable efforts did not produce the records requested, and documentation evidencing attempts to obtain the necessary information. As a result, the ALJ summarily denied Plaintiff's subpoena request. R. 39.

With respect to the substance of Plaintiff's applications for disability insurance benefits and supplemental security income, the ALJ determined that Plaintiff acquired sufficient quarters of coverage to remain insured through June 30, 2019. Thus, it was incumbent upon Plaintiff to

---

[1] The term "present" referred to the time in and around the date of the letter, or January 25, 2017.

establish disability on or before that date to be entitled to a period of disability and disability insurance benefits. After considering Plaintiff's application and all evidence of record, the ALJ found that Plaintiff was not under a disability within the meaning of the Social Security Act from August 25, 2013 through the date of the ALJ's decision (March 28, 2017). R. 50.

At step one of the process, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since August 25, 2013, the alleged onset date. R. 41. At step two of the process, the ALJ found that Plaintiff has the following severe impairments: residuals of non-displaced fracture of right proximal fibula with edema throughout the proximal tibia; possible anterior cruciate ligament (ACL) tear; chronic lumbar strain; degenerative disc disease of the lumbar spine; bilateral carpal tunnel syndrome; major depressive disorder; and anxiety disorder. R. 42. At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). R. 42. At step four, the ALJ determined that Plaintiff has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). She also found that Plaintiff

> can lift and carry 20 pounds occasionally and 10 pounds frequently, stand/walk for 6 hours in an 8-hour day, and sit for 6 hours in an 8-hour day. He can never climb ladders, ropes, or scaffolds, but can occasionally, climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. He can frequently, but not continuously, handle, finger, and feel bilaterally. He can tolerate occasional exposure to temperature extremes, vibration, and hazards. He can understand, remember, and carry out simple instructions and can respond appropriately to occasional interaction with co-workers, supervisors, and the public. He is capable of making simple work-related decisions and…can make an adjustment to occasional changes in the work routine.

R. 44-45. The ALJ further found that Plaintiff is unable to perform any past relevant work. R. 49. However, at step five, the ALJ found that, considering the claimant's age, education,

work experience, and residual functional capacity, jobs exist in significant numbers in the national economy, which the claimant can perform.  Specifically, the ALJ determined that Plaintiff can perform the requirements of janitor, laundry worker, and bakery worker.  All are unskilled and all are performed at light exertion.  The ALJ also found that Plaintiff could perform the following unskilled occupations at sedentary exertion: addresser and patcher. The ALJ determined that the vocational expert's testimony is consistent with the information contained in the Directory of Occupational Titles.  R. 49-50.

## IV. Motions for Summary Judgment

### A. The Standards

#### 1. Summary Judgment

Summary Judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  The party seeking summary judgment bears the initial burden of showing the absence of any issues of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  All inferences must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  However, "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but…must set forth specific facts showing that there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

#### 2. Judicial Review

This Court's review of the ALJ's decision is limited to determining whether the decision is supported by "substantial evidence." 42 U.S.C. § § 405(g), 1383(c)(3). "Substantial evidence" is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "Substantial evidence" is not a "large or considerable amount of evidence, but rather, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 664-65 (1988) (internal citations and quotations omitted). The decision before the Court is "not whether the Claimant is disabled, but whether the ALJ's finding of no disability is supported by substantial evidence." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (internal citations and quotations omitted). The ALJ's decision must be upheld if it is supported by "substantial evidence." 42 U.S.C. § § 405(g), 1383(c)(3). "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence'." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966), *overruled by implication on other grounds* by *Black and Decker Disability Plan v. Nord*, 538 U.S. 822 (2003).

**B.     Arguments of the Parties**

**1.     Plaintiff's Arguments**

Plaintiff makes two arguments on appeal: that the ALJ breached her duty to assist Westfall in developing the medical record when she refused to subpoena the mental health records requested by Plaintiff's counsel (from Westbrook Health Services); and, the ALJ failed to comply with 20 CFR § 404.1527 in assigning "no weight" to portions of the opinion from Plaintiff's primary care physician, Paul Davis, M.D. ECF No. 13-1.

### 2. Defendant's Arguments

Defendant maintains that Plaintiff did not meet the requirements for the ALJ's issuance of a subpoena. Defendant further contends that, even assuming Plaintiff did meet the requirements, the ALJ properly exercised her discretion in finding that the documents were not necessary to decide the case given the mental health treatment record before her. Finally, Plaintiff has not established any prejudice.

With respect to the assignment of "no weight" to Plaintiff's Dr. Paul Davis's opinions, Defendant contends that this was appropriate. Defendant notes that the specialists to whom Dr. Davis referred Plaintiff, issued findings that were inconsistent with Dr. Davis's findings. Defendant further notes that Dr. Davis's opinions were inconsistent with all other opinions in the record.

Finally, Defendant argues that the ALJ's decision is supported by substantial evidence in the record and should be affirmed. ECF No. 16.

### C. Discussion

#### 1. Subpoena

"Courts review an ALJ's decision whether to issue a subpoena under an abuse of discretion standard." *Prince v. Berryhill*, 3:17-cv-175 (HEH), 2017 WL 2872837, at *11 (E.D.Va. June 19, 2017) (citing *Taylor v. Weinberger*, 528 F.2d 1153, 1156 (4th Cir. 1975)). "The ALJ has the discretion to issue a subpoena when it is reasonably necessary for the full presentation of a case." *Prince,* 2017 WL 2872837, at *11 (internal citations and quotations omitted). "Even upon request to issue a subpoena, the ALJ maintains discretion to decide whether to comply with that request." *Prince*, 2017 WL 2872837, *11 (citing *Lidy v. Sullivan*,

911 F.2d 1075, 1077 (5th Cir. 1990) (explaining that the ALJ may refuse a request for a subpoena when the evidence "is not reasonably necessary for the full presentation of the case")).

"The Fourth Circuit will remand a case where the ALJ fails in his duty to fully inquire into the issues necessary for adequate development of the record…. However, where the ALJ's failure to obtain additional medical records did not prejudice the claimant, a court will not find the ALJ erred." *Prince,* 2017 WL 2872837, at *12 (internal citations and quotations omitted).

Acknowledging the discretionary nature of the ALJ's decision to issue a subpoena, the undersigned would nevertheless conclude that the ALJ erred when she failed to make findings relative to Plaintiff's February 14, 2017, revised request for a subpoena directed to Westbrook Health Services. During the February 8, 2017, hearing, and after holding a discussion both on and off the record regarding the deficiencies in the initial request, the ALJ seemingly invited the Plaintiff to submit a second, revised subpoena request for records from Westbrook Health Services. The second, revised request was provided and made part of the administrative record. Because the ALJ seemingly invited the second, revised request, and because the second, revised request is part of the administrative record, it is unclear why the ALJ's decision made findings regarding the initial request but failed to explain why she did not consider the second, revised one.

The ALJ's failure to address the second, revised subpoena request is somewhat confounding because the ALJ relied upon the initial intake record from Westbrook Health Services to support her finding that Plaintiff was not under a disability at any time relevant to the proceedings. Such reliance demonstrates that Plaintiff's treatment with Westbrook Health Services is an important piece of Plaintiff's case, however, the ALJ failed to address the second, revised subpoena which requested the treatment record from Westbrook Health Services.

While the ALJ's apparent failure to consider the second, revised request for subpoena is problematic, the undersigned does not believe that a conclusion such as the one Plaintiff urges can be made at this time without an explanation as to why the ALJ did not consider the second, revised subpoena request for records from Westbrook Health Services. Likewise, the undersigned believes that a finding as to whether and to what extent Plaintiff was prejudiced as result of the ALJ's failure to consider the second, revised subpoena request, cannot be made on the record as it stands currently. Given the ALJ's reliance upon the initial intake record, however, it is entirely possible that Plaintiff was prejudiced by the ALJ's failure to obtain Plaintiff's entire medical record from Westbrook Health Services. Accordingly, the undersigned would recommend that this matter be remanded to the ALJ for findings as to why the second, revised request for subpoena to Westbrook Health Services was not considered.

### 2. "No Weight" and Dr. Paul Davis

The undersigned believes it would be premature to evaluate the ALJ's assignment of "no weight" to the opinions of Dr. Paul Davis without the aforementioned findings as to why the ALJ did not consider the second, revised subpoena request for Plaintiff's medical records from Westbrook Health Services. Rather, the undersigned recommends consideration of the "no weight" issue be deferred pending receipt of additional findings from the ALJ regarding her failure to consider the second, revised request for a subpoena to Westbrook Health Services.

### V. Recommendation

Accordingly, and for all of the foregoing reasons, this Court **RECOMMENDS** that this matter be **REMANDED** to the ALJ for findings as stated more fully above. The undersigned would therefore further **RECOMMEND** that the parties' Motions for Summary Judgment be **DEFERRED**.

**Any party who appears *pro* se and any counsel of record, as applicable, may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.**

**A copy of such objections should be submitted to the District Judge of Record. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Wright v. Collins*, 766 F.2d 841, 845-48 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985).**

The Court **DIRECTS** the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further **DIRECTS** the Clerk to mail a copy of this Report and Recommendation to the pro se Plaintiff, if any, by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Respectfully submitted this 27th day of June 2019.

                                        /s/ James P. Mazzone
                                        JAMES P. MAZZONE
                                        UNITED STATES MAGISTRATE JUDGE