IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KENNETH ALLEN WESTFALL,

    Plaintiff,

v.                                                Civil Action No. 5:18CV57
                                                                   (STAMP)

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

The plaintiff, Kenneth Allen Westfall, by counsel, seeks judicial review of the above-named defendant's decision to deny his claims for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act following the decision of Administrative Law Judge ("ALJ") Sabrina M. Tilley that plaintiff was not disabled within the meaning of the Social Security Act. Plaintiff maintains that the following medical conditions render him disabled pursuant to the Social Security Act: bilateral carpal tunnel syndrome, chest pains, lower back and hand pain, restless leg syndrome, torn ligaments and cartilage in the left knee, migraines, anxiety and depression. ECF No. 13-1 at 2.

The plaintiff applied for DIB and SSI in June 2014, alleging disability beginning August 25, 2013. His claim was denied

initially and again upon reconsideration. The plaintiff then filed a written request for a hearing, and a video hearing was held before the ALJ. On March 28, 2017, the ALJ entered a decision finding plaintiff had not been under a disability at any time since his alleged onset date of August 25, 2013. In the decision, the ALJ noted plaintiff's first request for subpoena (dated January 25, 2017) and summarily denied the same as being deficient. The ALJ did not address plaintiff's revised subpoena request of February 14, 2017.

On April 20, 2018, plaintiff timely filed his complaint, objecting to the final decision of the Commissioner and seeking remand and reversal of the ALJ's adverse decision. ECF No. 1. Defendant filed an answer on June 28, 2018. ECF No. 6. A copy of the Social Security Administrative Record was filed contemporaneously with defendant's answer. ECF No. 7. On September 4, 2018, plaintiff filed his motion for summary judgment and memorandum in support. ECF No. 13. Defendant filed a motion for summary judgment and memorandum in support on September 11, 2018. ECF No. 15.

United States Magistrate Judge James P. Mazzone then entered his report and recommendation, to which neither party filed objections. ECF No. 19. The magistrate judge recommended that this matter be remanded to the ALJ for further proceedings. ECF No. 19 at 10.

For the reasons discussed below, the report and recommendation of the magistrate judge (ECF No. 19) is AFFIRMED and ADOPTED.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are clearly erroneous. Because neither party filed objections, this Court will review the magistrate judge's findings and recommendations under the clearly erroneous standard. 28 U.S.C. § 636(b)(1)(A).

## III. Discussion

As the United States Court of Appeals for the Fourth Circuit has held: "Under the Social Security Act, [a reviewing court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." <u>Craig v. Chater</u>, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Id.</u> A reviewing court "does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; '[w]here conflicting evidence allows reasonable minds to differ,' we defer to the Commissioner's

decision." Thompson v. Astrue, 442 F. App'x 804, 805 (4th Cir. 2011) (quoting Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005)). Further, as the Supreme Court of the United States stated in United States v. United States Gypsum Co., "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395.

In making his recommendations, the magistrate judge correctly acknowledging the discretionary nature of the ALJ's decision to issue a subpoena, and nevertheless correctly concluded that the ALJ erred when she failed to make findings relative to plaintiff's February 14, 2017, revised request for a subpoena directed to Westbrook Health Services. ECF No. 19 at 9. Further the magitsrate judge properly found that "[t]he ALJ's failure to address the second, revised subpoena request is somewhat confounding because the ALJ relied upon the initial intake record from Westbrook Health Services to support her finding that Plaintiff was not under a disability at any time relevant to the proceedings." Id. The magistrate judge further noted that "[s]uch reliance demonstrates that Plaintiff's treatment with Westbrook Health Services is an important piece of Plaintiff's case, however, the ALJ failed to address the second, revised subpoena which requested the treatment record from Westbrook Health Services."

4

Id. Utimately, the magistrate judge concluded that "[w]hile the ALJ's apparent failure to consider the second, revised request for subpoena is problematic, the undersigned does not believe that a conclusion such as the one Plaintiff urges can be made at this time without an explanation as to why the ALJ did not consider the second, revised subpoena request for records from Westbrook Health Services," and "that a finding as to whether and to what extent Plaintiff was prejudiced as result of the ALJ's failure to consider the second, revised subpoena request, cannot be made on the record as it stands currently." Id. at 10. Thus, the magistrate judge recommended that "this matter be remanded to the ALJ for findings as to why the second, revised request for subpoena to Westbrook Health Services was not considered." Id.

After reviewing the record and the parties' filings, this Court is not "left with the definite and firm conviction that a mistake has been committed" as to the findings of the magistrate judge. United States Gypsum Co., 333 U.S. at 395. Therefore, the report and recommendation of the magistrate judge is AFFIRMED and ADOPTED.

IV. Conclusion

For the reasons set forth above, the report and recommendation of the magistrate judge (ECF No. 19) is AFFIRMED and ADOPTED. Therefore, the plaintiff's motion for summary judgment (ECF No. 13) is DENIED, the defendant's motion for summary judgment (ECF No. 15)

5

is DENIED, and the Commissioner's decision is VACATED and REMANDED for further proceedings.[1]  It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the parties were properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights.  Because both parties failed to object, both the defendant and the plaintiff have waived the right to seek appellate review of this matter.  See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    July 24, 2019

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Although the magistrate judge recommended that the parties' motions for summary judgment be deferred, for the same reasons stated in the report and recommendation, this Court finds that the appropriate course of action is to deny the parties' motions for summary judgment and remand this action for further proceedings.